IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| In re: | Chapter 11 |
| Robert Terry Winfree, | Case No. 3:20-01417 |
| Debtor | |
| _____ | |
| TN Dental Professionals, P.C., and CPF Dental, LLC, d/b/a Marquee Dental Partners, | |
| Plaintiffs/ Counter-Defendants, | |
| vs. | |
| Robert T. Winfree, D.D.S. and Olivia Winfree, | Adv. Proc. No. 3:20-90031 |
| Defendants/ Counter-Plaintiffs. | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In Re: Subpoena Served On | Civil Action No. _____ |
| JT Palmer & Associates, LLC | |

**Appendix in Support of
Non-Party J.T. Palmer & Associates, LLC's
Motion to Quash Subpoena Served by
Plaintiffs TN Dental Professionals, P.C. and
CPF Dental, LLC and Brief in Support Thereof**

Non-Party J.T. Palmer & Associates, LLC files this Appendix in Support of its Motion to Quash Subpoena Served by Plaintiffs TN Dental Professionals, P.C. and CPF Dental, LLC and Brief in Support Thereof:

**Appendix Item 1:**      The Subpoena, with executed return of service, on file in the Bankruptcy Court in the Middle District of Tennessee

**Appendix Item 2:**      Affidavit of Judith Ann Shea

      Exhibit A:      The Subpoena served on JT Palmer

      Exhibit B:      "Customer Agreement"

      Exhibit C:      Blank "Confidential Report"

      Exhibit D:      Emails between Judith Ann Shea and Paul Pankiewicz

**Appendix Item 3:**      Affidavit of J. Michael McBride.

      Exhibit A:      "Plaintiffs' Motion to Compel JT Palmer and Associates, LLC to Produce Documents in Accordance with Subpoena," on file in the Bankruptcy Court in the Middle District of Tennessee.

Respectfully submitted,

By:    */s/ Charles W. Fillmore*         */s/ J. Michael McBride*
      H. Dustin Fillmore III         J. Michael McBride
      State Bar No. 06996010       Texas Bar No. 13332100
      Charles W. Fillmore
      State Bar No. 00785861       J. MICHAEL MCBRIDE, P.C.
                          6420 Southwest Blvd., Suite 112
      THE FILLMORE LAW FIRM, LLC     Fort Worth, Texas 76109
      1200 Summit Avenue, Suite 860    (817) 877-1824 (office)
      Fort Worth, Texas 76102       (817) 877-1797 (fax)
      (817) 332-2351 (office)       jmm@mcbridelegal.com
      (817) 870-1859 (fax)
      dusty@fillmorefirm.com
      chad@fillmorefirm.com

      ATTORNEYS FOR NON-PARTY J.T. PALMER & ASSOCIATES, LLC

## CERTIFICATE OF SERVICE

On July 10, 2020, this Motion was served on the following counsel for Plaintiffs TN Dental Professionals, P.C. and CPF Dental, LLC via U.S. Post Office Mail, return receipt requested, 7001 2510 0002 0581 0972:

Ryan K. Cochran
Melissa W. Jones
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
ryan.cochran@wallerlaw.com
melissa.jones@wallerlaw.com.

*/s/ Charles W. Fillmore*

# Appendix
# Item 1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Middle _____ District of Tennessee

In re  Robert T. Winfree, D.D.S.
_____
Debtor

Case No.  3:20-bk-01417

*(Complete if issued in an adversary proceeding)*

TN Dental Professionals, P.C. and
CPF Dental, LLC d/b/a Marquee Dental Partners
_____
Plaintiff

Chapter  11

v.

Robert T. Winfree, D.D.S. and Olivia Winfree
_____
Defendant

Adv. Proc. No.  3:20-90031

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  JT Palmer and Associates, LLC, c/o Judy Shea, President, P.O. Box 1783, Granbury, Texas 76048
_____
*(Name of person to whom the subpoena is directed)*

☑ *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See attached Exhibit A.

| PLACE Lexitas Legal, Attn: Raven Grandberry, 325 North St. Paul Street, #1900, Dallas, TX 75201 | DATE AND TIME June 16, 2020 5:00 p.m. CST |
|---|---|

☐ *Inspection of Premises*:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/04/2020

CLERK OF COURT

_____        OR        _____
*Signature of Clerk or Deputy Clerk*                   *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Plaintiffs _____, who issues or requests this subpoena, are: Melissa W. Jones, Waller Lansden
Dortch & Davis, LLP, 511 Union Street, Suite 2700, Nashville, TN 37219; melissa.jones@wallerlaw.com; 615-244-6380

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

[CSF0 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE

### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for (name of individual and title, if any): J.T. Palmer & Associates, LLC Registered Agent
Martinas TAX Service
on (date) 6-11-20

[X] I served the subpoena by delivering a copy to the named person as follows: J.T. Palmer & Associates, LLC by
serving registered Agent Martina's TAX Service,   Martina Grannath
_____ _____ on (date) 6-12-20 ; or

[ ] returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
Gary B Cooper
Server's signature

_____
Gary B Cooper
Printed name and title

1502 Starlight Ct.
Granbury, TX 76048
Server's address

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
   (i) is a party or a party's officer; or
   (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   (i) fails to allow a reasonable time to comply;
   (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   (i) disclosing a trade secret or other confidential research, development, or commercial information; or

   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and
   (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A
## ATTACHMENT TO SUBPOENA TO
## JT PALMER AND ASSOCIATES, LLC

TN Dental Professionals, P.C. and CPF Dental, LLC d/b/a Marquee Dental Partners (collectively, "*CPF Dental*"), requests that JT Palmer and Associates, LLC ("*JT Palmer*") produce the requested documents (the "*Requests*") within fourteen (14) days to CPF Dental's counsel, Waller Lansden Dortch & Davis, LLP, 511 Union Street, Suite 2700, Nashville, TN 37219, Attention: Melissa Jones.

## DEFINITIONS

1.    "**Debtor**" refers to Robert T. Winfree, D.D.S., and all partners, agents, employees, officers, directors, attorneys, and other representatives of Debtor acting on Debtor's behalf or purporting to act on Debtor's behalf.

2.    "**Document**" and "**documentation**" mean each copy, version, or draft (including every copy bearing handwritten or other marks, notations, stamps, or variations), whether sent or received or neither, that embodies or records any thoughts, ideas, concepts, expressions, or communications. The term "document" includes but is not limited to the following:

      a.  all writings (including but not limited to emails, text messages, internet postings, letters, faxes, books, correspondence, telegraphs, telex messages, cables, contracts, mortgages, agreements, notes, drafts, records, minutes of meetings, reports, appraisals, checks, cancelled checks, accounts, statements of accounts, ledgers, ledger entries, book entries, and notices);

      b.  all audio or visual records (including but not limited to photographs, drawings, sketches, paintings, sculptures, castings, replicas, models, exemplars, samples, video tapes, video discs, video files, audio tapes, audio discs, audio files, and animations);

      c.  all items that combine, incorporate, or associate two or more of the types of documents described above; and

      d.  any other items properly included within the definition of "document" pursuant to applicable rules and law.

The terms "document" and "documents" shall specifically include electronically stored information ("*ESI*") such as, but not limited to, email, text messages, instant messages, any documents created on a computer or other electronic device, any data residing on a storage

medium, including but not limited to, hard drives (desktop, laptop or external), servers, jump drives, hand held drives, iPhones, iPads, iPods, Blackberries, mobile phones or smart phones, CDs and DVDs, and any sound or tape recording.  The requesting party reserves the right to require the producing party to produce any ESI or documents in native format.

The meaning of the words "document" and "documents" also includes voice recordings and reproductions and film impressions of any of the aforementioned writings as well as copies of documents, which are not identical duplicates of the originals and copies of documents of which the originals are not in your possession, custody, or control.  In case originals or original non-identical copies are not available, "document" or "documents" includes copies of originals or copies of non-identical copies, as the case may be.

3.      "**Foreign Account**" means, collectively (a) any right to payment of a monetary obligation, whether or not earned by performance, (b) without duplication, any "account" (as defined in the UCC), any accounts receivable (whether in the form of payments for services rendered or goods sold, rents, license fees or otherwise), any "health-care-insurance receivables" (as that term is defined in the UCC), any "payment intangibles" (as that term is defined in the UCC) and all other rights to payment and/or reimbursement of every kind and description, whether or not earned by performance, (c) all accounts, "general intangibles" (as that term is defined in the UCC), intellectual property, rights, remedies, guarantees, "supporting obligations" (as that term is defined in the UCC), "letter-of-credit rights" (as that term is defined in the UCC) and security interests in respect of the foregoing, all rights of enforcement and collection, all books and records evidencing or related to the foregoing, and all rights in respect of the foregoing, (d) all information and data compiled or derived by Debtor or Mrs. Winfree or to which Debtor or Mrs. Winfree is entitled in respect of or related to the foregoing, and (e) all proceeds of any of the foregoing, located outside of the United States of America, including, without limitation, accounts held or previously held at the following financial institutions:

a.  Rothchild & Co Bank
    Zollikerstrasse 181
    8034 Zurich, Switzerland

b.  Investec Bank
    6th Floor Fairview Ofce Park
    Ring Rd Port Elizabeth 6045

c.  Danske Bank International SA
    13 Rue Edward Steichen
    2540 Luxembourg

d.  HSBC Bank
    1391 Guber Road
    Shanghai, China

e.  Bradesco Financiamentos
    R 3 880 St.
    St. Oeste, Goiania, Brazil

4829-4275-3725.2

2

   f. Bank of Greenland
     Imaneq 33
     Postboks 1033
     3900 Nuuk

   4. "**Hermitage Investment Group**" means, collectively, 11689284 Ltd., a foreign corporation having a registered address at Kemp House 152-160 City Road, London, United Kingdom EC1V 2NX, formerly known as Hermitage Investment Group Ltd. and Hermitage Investment Group, Inc., a for-profit corporation located at 105 Bonnabrook Drive, Suite 105, Hermitage, Tennessee 37076.

   5. "**Mrs. Winfree**" refers to Olivia McMurray Winfree, wife of Debtor.

   6. "**Ms. Shea**" refers to Judy Shea, President of JT Palmer.

   7. "**UCC**" means the Uniform Commercial Code of the State of Tennessee or of any other state the laws of which are required to be applied in connection with the perfection of security interests in any Foreign Account.

## INSTRUCTIONS

   1. Except as otherwise specified, the Definitions and Instructions incorporate by reference the requirements set forth in Fed. R. Civ. P. 45, together with all other applicable rules of procedure and local rules.

   2. In construing the Requests, the singular shall include the plural and vice versa.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

   1. Any and all Documents evidencing or relating to JT Palmer's or Ms. Shea's search for foreign accounts owned by Debtor or Mrs. Winfree;

   2. Any and all Documents evidencing or relating to the identity of Hermitage Investment Group used in identifying any Foreign Account;

   3. Any and all Documents evidencing that the funds in any Foreign Account originated in the United States of America; and

4.    ==Any and all Documents evidencing that any Foreign Account belongs to Debtor and/or Mrs. Winfree.==

# Appendix
# Item 2

## AFFIDAVIT OF JUDITH ANN SHEA

**STATE OF TEXAS**          §
                           §
**COUNTY OF HOOD**          §

Before me, the undersigned notary, on this day personally appeared Judith Ann Shea, the affiant, a person whose identity is known to me. After I administered an oath to affiant, affiant testified as follow:

1.      "My name is Judith Ann (Judy) Shea. I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2.      I reside in Granbury Texas.

3.      I formed J.T. Palmer and Associates, LLC (JT Palmer) as a Texas Limited Liability Company, and I am the sole member and 100% owner of JT Palmer. JT Palmer's office is in Granbury Texas, which is also where I reside and conduct the business of JT Palmer.

4.      Neither I nor JT Palmer resides in, is employed in, or regularly transacts business in Tennessee.

5.      JT Palmer is an information research specialist. JT Palmer is in the business of performing confidential background research for clients who employ JT Palmer to conduct confidential research to discover assets, including foreign bank accounts, that individuals may have hidden or secreted.

6.      In this case, JT Palmer was hired by private detective Paul Pankiewicz with ROS Consulting, Inc.

7.      On Friday, June 12, 2020, I received from JT Palmer's registered agent a copy of the Subpoena that is attached hereto as Exhibit A. On Monday June 15, I reached out to LegalShield, a business with which I had contracted to provide legal services for help. I was informed that my LegalShield Representative was the law office of Ross & Matthews. I contacted this law firm and was asked to email *via* their website the Subpoena. I did so. When I did not receive any return correspondence from them, I reached out to them again on Wednesday June 17, 2020. They informed me they did not receive the subpoena. I resent the Subpoena on same day. I received a call from Jack Cameron with Ross & Matthews on Monday, June 22, 2020 telling me that he read the subpoena and I needed to obtain an attorney and that they will send me *via* email a recommendation for an attorney through LegalShield. On Thursday, June 25, 2020 I was sent an email with the contact information for Mr. J. Michael McBride. I immediately tried to contact Mr. McBride and was able to speak to him on Friday, June 26, 2020.

8.      During this time, including from time I received the Subpoena, I was also dealing with a cancer diagnosis, that ultimately resulted in a surgery to remove the cancer, which took place on July 8, 2020.

---

**AFFIDAVIT OF JUDY SHEA**                                        **Page 1 of 3**

9.     Over the years of performing confidential background and information research, I, on behalf of JT Palmer, have developed private patterns, methods, techniques, processes, procedures and programs by which JT Palmer conducts data, or information searches and obtains this information—information that is itself hidden and not readily ascertainable, or discoverable. The private patterns, methods, techniques, processes, procedures and programs that I developed to discover this hidden information are themselves not generally known or readily ascertainable. Moreover, the private methods, techniques, processes, and procedures I have developed also makes use of sources and vendors whose identities are themselves highly confidential. Their identities and information sources are information that JT Palmer carefully guards and does not disclose.

10.     JT Palmer is the owner of these private patterns, methods, techniques, processes, procedures and programs. As stated above, Ms. Judy Shea is 100% owner of JT Palmer, and she developed these private patterns, methods, techniques, processes, procedures and programs personally for use in the business of JT Palmer.

11.     JT Palmer does not share or disclose to third parties, including its clients, the private patterns, methods, techniques, processes, procedures and programs it has developed and uses to discover information. In fact, JT Palmer has a process by which it seeks to ensure the information which is discovered through the use of its private patterns, methods, techniques, processes, procedures and programs is kept secret. Specifically, JT Palmer utilizes a "Customer Agreement," which clients sign and which clearly states:

> JT Palmer and Associates, LLC's reports contain confidential information and is not to be distributed to anyone other than the intended recipient. Distribution to any other entity in whole or in part is strictly prohibited. This information is for fact finding only and is not admissible in court.

Attached to my affidavit as Exhibit B is a true and correct copy of the "Customer Agreement" that Mr. Pankiewicz signed in this matter.

12.     Similarly, the report JT Palmer prepares and provides to clients is entitled "CONFIDENTIAL" and clearly states:

> This report contains confidential information and is not to be distributed to anyone other than the intended recipient named above. Distribution to any other entity in whole or in part is strictly prohibited. This information is for fact finding only and is not admissible in court.

Attached to my affidavit as Exhibit C is a true and correct copy of a blank confidential report containing this language. The report that JT Palmer prepared and provided to Mr. Pankiewicz is on this same form and contains the same quoted language.

13.     Exhibits B and C are part of JT Palmer's efforts to ensure that the private patterns, methods, techniques, processes, procedures and programs themselves are kept secret and confidential.

**AFFIDAVIT OF JUDY SHEA**                                    Page 2 of 3

14.     The heart of JT Palmer's business as a confidential information research specialist is its private patterns, methods, techniques, processes, procedures and programs by which it obtains information that is itself hidden and not readily ascertainable, or discoverable. The methods by which JT Palmer finds secreted bank accounts is the very essence of its business.

15.     Disclosure of the private patterns, methods, techniques, processes, procedures and programs for obtaining that information is vital to JT Palmer's economic existence. If anyone, including JT Palmer's clients (many of which are law firms) could obtain the information sought, there would be no reason to hire JT Palmer to obtain the information. Disclosure of either the information or the private patterns, methods, techniques, processes, procedures and programs by which JT Palmer obtained the information, including JT Palmer's confidential sources and vendors, would enable anyone receiving the information to perform similar data searches, to discovery and utilize JT Palmer's confidential sources and vendors, and thus to destroy JT Palmer's business as a confidential information research specialist.

16.     JT Palmer has already provided information to Mr. Pankiewicz identifying the foreign bank accounts that JT Palmer discovered in relation to this matter. They are the accounts identified by Plaintiffs in their motion to compel. JT Palmer has no information from which it can confirm that the foreign accounts previously identified belong to the Winfrees other than by accountholder names. JT Palmer communicated this to Mr. Pankiewicz. Attached hereto as Exhibit D is a true and correct copy of the email that I sent on behalf of JT Palmer to Mr. Pankiewicz identifying "possible accounts," based solely on accountholder names, and explaining JT Palmer located no social security numbers on any accounts, the address information for the Winfrees does not match addresses on the accounts, and that JT Palmer could not guarantee that the subject accounts belonged to the Winfrees who were the subject of Mr. Pankiewicz's efforts and hiring of JT Palmer. Also included under Exhibit D is a true and correct copy of Mr. Pankiewicz's response email"

FURTHER AFFIANT SAYETH NOT.

By: _Judith Ann Shea_
    Judith Ann Shea

Sworn to and subscribed before me by Judy Shea on this 10 day of July , 2020. 2020.



Notary Public in and for the State of Texas

---

**AFFIDAVIT OF JUDY SHEA**                                    **Page 3 of 3**

# Exhibit A

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Middle _____ District of Tennessee _____

In re Robert T. Winfree, D.D.S. _____
            Debtor

Case No. 3:20-bk-01417 _____

*(Complete if issued in an adversary proceeding)*
TN Dental Professionals, P.C. and
CPF Dental, LLC d/b/a Marquee Dental Partners
            Plaintiff
            v.
Robert T. Winfree, D.D.S. and Olivia Winfree
            Defendant

Chapter 11 _____

Adv. Proc. No. 3:20-90031 _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: JT Palmer and Associates, LLC, c/o Judy Shea, President, P.O. Box 1783, Granbury, Texas 76048
*(Name of person to whom the subpoena is directed)*

■ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| PLACE Lexitas Legal, Attn: Raven Grandberry, 325 North St. Paul Street, #1900, Dallas, TX 75201 | DATE AND TIME June 16, 2020 5:00 p.m. CST |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/02/2020

            CLERK OF COURT

                                 OR

_____             _____
*Signature of Clerk or Deputy Clerk*             *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Plaintiffs _____ , who issues or requests this subpoena, are: Melissa W. Jones, Waller Lansden
Dortch & Davis, LLP, 511 Union Street, Suite 2700, Nashville, TN 37219; melissa.jones@wallerlaw.com; 615-244-6380

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT A**
**ATTACHMENT TO SUBPOENA TO**
**JT PALMER AND ASSOCIATES, LLC**

TN Dental Professionals, P.C. and CPF Dental, LLC d/b/a Marquee Dental Partners (collectively, "***CPF Dental***"), requests that JT Palmer and Associates, LLC ("***JT Palmer***") produce the requested documents (the "***Requests***") within fourteen (14) days to CPF Dental's counsel, Waller Lansden Dortch & Davis, LLP, 511 Union Street, Suite 2700, Nashville, TN 37219, Attention: Melissa Jones.

**DEFINITIONS**

1.      "**Debtor**" refers to Robert T. Winfree, D.D.S., and all partners, agents, employees, officers, directors, attorneys, and other representatives of Debtor acting on Debtor's behalf or purporting to act on Debtor's behalf.

2.      "**Document**" and "**documentation**" mean each copy, version, or draft (including every copy bearing handwritten or other marks, notations, stamps, or variations), whether sent or received or neither, that embodies or records any thoughts, ideas, concepts, expressions, or communications. The term "document" includes but is not limited to the following:

      a.  all writings (including but not limited to emails, text messages, internet postings, letters, faxes, books, correspondence, telegraphs, telex messages, cables, contracts, mortgages, agreements, notes, drafts, records, minutes of meetings, reports, appraisals, checks, cancelled checks, accounts, statements of accounts, ledgers, ledger entries, book entries, and notices);

      b.  all audio or visual records (including but not limited to photographs, drawings, sketches, paintings, sculptures, castings, replicas, models, exemplars, samples, video tapes, video discs, video files, audio tapes, audio discs, audio files, and animations);

      c.  all items that combine, incorporate, or associate two or more of the types of documents described above; and

      d.  any other items properly included within the definition of "document" pursuant to applicable rules and law.

The terms "document" and "documents" shall specifically include electronically stored information ("***ESI***") such as, but not limited to, email, text messages, instant messages, any documents created on a computer or other electronic device, any data residing on a storage

4829-4275-3725.2

medium, including but not limited to, hard drives (desktop, laptop or external), servers, jump drives, hand held drives, iPhones, iPads, iPods, Blackberries, mobile phones or smart phones, CDs and DVDs, and any sound or tape recording. The requesting party reserves the right to require the producing party to produce any ESI or documents in native format.

The meaning of the words "document" and "documents" also includes voice recordings and reproductions and film impressions of any of the aforementioned writings as well as copies of documents, which are not identical duplicates of the originals and copies of documents of which the originals are not in your possession, custody, or control. In case originals or original non-identical copies are not available, "document" or "documents" includes copies of originals or copies of non-identical copies, as the case may be.

3.      "**Foreign Account**" means, collectively (a) any right to payment of a monetary obligation, whether or not earned by performance, (b) without duplication, any "account" (as defined in the UCC), any accounts receivable (whether in the form of payments for services rendered or goods sold, rents, license fees or otherwise), any "health-care-insurance receivables" (as that term is defined in the UCC), any "payment intangibles" (as that term is defined in the UCC) and all other rights to payment and/or reimbursement of every kind and description, whether or not earned by performance, (c) all accounts, "general intangibles" (as that term is defined in the UCC), intellectual property, rights, remedies, guarantees, "supporting obligations" (as that term is defined in the UCC), "letter-of-credit rights" (as that term is defined in the UCC) and security interests in respect of the foregoing, all rights of enforcement and collection, all books and records evidencing or related to the foregoing, and all rights in respect of the foregoing, (d) all information and data compiled or derived by Debtor or Mrs. Winfree or to which Debtor or Mrs. Winfree is entitled in respect of or related to the foregoing, and (e) all proceeds of any of the foregoing, located outside of the United States of America, including, without limitation, accounts held or previously held at the following financial institutions:

  a.  Rothchild & Co Bank
      Zollikerstrasse 181
      8034 Zurich, Switzerland

  b.  Investec Bank
      6th Floor Fairview Ofce Park
      Ring Rd Port Elizabeth 6045

  c.  Danske Bank International SA
      13 Rue Edward Steichen
      2540 Luxembourg

  d.  HSBC Bank
      1391 Guber Road
      Shanghai, China

  e.  Bradesco Financiamentos
      R 3 880 St.
      St. Oeste, Goiania, Brazil

4829-4275-3725.2

2

    f.  Bank of Greenland
       Imaneq 33
       Postboks 1033
       3900 Nuuk

4.    "**Hermitage Investment Group**" means, collectively, 11689284 Ltd., a foreign corporation having a registered address at Kemp House 152-160 City Road, London, United Kingdom EC1V 2NX, formerly known as Hermitage Investment Group Ltd. and Hermitage Investment Group, Inc., a for-profit corporation located at 105 Bonnabrook Drive, Suite 105, Hermitage, Tennessee 37076.

5.    "**Mrs. Winfree**" refers to Olivia McMurray Winfree, wife of Debtor.

6.    "**Ms. Shea**" refers to Judy Shea, President of JT Palmer.

7.    "**UCC**" means the Uniform Commercial Code of the State of Tennessee or of any other state the laws of which are required to be applied in connection with the perfection of security interests in any Foreign Account.

## INSTRUCTIONS

1.    Except as otherwise specified, the Definitions and Instructions incorporate by reference the requirements set forth in Fed. R. Civ. P. 45, together with all other applicable rules of procedure and local rules.

2.    In construing the Requests, the singular shall include the plural and vice versa.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    Any and all Documents evidencing or relating to JT Palmer's or Ms. Shea's search for foreign accounts owned by Debtor or Mrs. Winfree;

2.    Any and all Documents evidencing or relating to the identity of Hermitage Investment Group used in identifying any Foreign Account;

3.    Any and all Documents evidencing that the funds in any Foreign Account originated in the United States of America; and

4829-4275-3725.2

3

4.      Any and all Documents evidencing that any Foreign Account belongs to Debtor and/or Mrs. Winfree.

# Exhibit B

# Customer Agreement

By placing this order, and any future orders with JT Palmer and Associates, LLC, I
_PAUL PANKIEWICZ_____, hereby certify that I have permissible
Purpose, (as defined by the Fair Credit Reporting Act), for requesting any and all search results, reports,
information, service or product.

JT PALMER & ASSOCIATES, LLC  is not a consumer reporting agency, and  no report, search result,
information, service or product  purchased from or provided by JT PALMER & ASSOCIATES, LLC
constitutes a "consumer report," as defined by the federal Fair Credit Reporting Act, 15 U.S.C. Section
1681 et seq. ("FCRA").  Reports, search results, services, information or products purchased from or
provided by JT PALMER & ASSOCIATES, LLC may not be used to determine eligibility for credit,
employment, insurance or used for any other purpose governed by the FCRA.

JT Palmer and Associates, LLC's reports contain confidential information and is not to be distributed to
anyone other than the intended recipient. Distribution to any other entity in whole or in part is strictly
prohibited. This information is for fact finding only and is not admissible in court.

In the event of an omission or other error by JT Palmer and Associates, LLC, I understand that JT Palmer
and Associates, LLC  and/or its agents shall not be liable and that I agree that I shall not be entitled to
any punitive or any other damages as a result of any errors in JT Palmer and Associates, LLC search. I
further agree to defend, indemnify and hold harmless JT Palmer and Associates, LLC and/or its agents
from any actions, which may arise from the providing of any search information.

_ROS CONSULTING, INC_____
Company Name

_PAUL PANKIEWICZ_____        _PRESIDENT_____
Authorized Name Printed            Position

_____        _22 APRIL 2019_____
Authorized Signature                Date

# Exhibit C

# CONFIDENTIAL REPORT
# PREPARED FOR

**DATE:**

**TYPE OF SEARCH:**

**TARGET:**

**RESULTS:**

*This report contains confidential information and is not to be distributed to anyone other than the intended recipient named above.  Distribution to any other entity in whole or in part is strictly prohibited.  This information is for fact finding only and is not admissible in court.*

# Exhibit D

 **Gmail**                                                    **Judy Shea <judy@jtpalmerassociates.com>**

---

## Re: Work

**Judy Shea** <Judy@jtpalmerassociates.com>                         Thu, Jan 2, 2020 at 2:20 PM
To: paul pankiewicz <ppankiewicz@earthlink.net>

We have located possible accounts:
Switzerland(Rob Winfree)
South Africa(Robert Wenfree)
Luxembourg (R Winfree)


Possible accounts:
Shanghai (O. Winfree)
Brazil (Olivia McMurry)
Greenland (Olivia Winfree)


No ssn on any accounts.
Address information provided does not match addresses on accounts.

We can obtain the details on accounts but can not guarantee that these are your
subjects.
Would you like for us to proceed or no hit?

London(Judy's assistant)


Sincerely,

Judy Shea
*J.T. Palmer & Associates, LLC*
800-808-0078
817-894-3539
Judy@jtpalmerassociates.com
www.jtpalmerassociates.com
NM PI #3295

Member
CALI, FALI, NCISS, TALI, WAD


This message and any attachments contain information that is confidential. This message and the information contained
herein have been sent for fact-finding purposes only. By retaining this message for any length of time without immediately
returning it to sender, the recipient agrees that the information contained herein is not admissible for any purposes in any
court of law and may not be made part of any public record whatsoever. The information is intended only for the use of
the individual or entity to whom it is directed, regardless of the e-mail address, physical address, fax number, or any other
means by which you have received this message. If you are not the intended recipient, you are notified that any
examination, disclosure, copying, distribution or the taking of any action in reliance on, or with the respect to, the contents
of this information is strictly prohibited. If you have received this message in error, please immediately notify the person
identified as the sending person by reply e-mail or call the telephone number set forth above. By receiving this message,
the recipient acknowledges that it is a privilege to receive the information contained herein and that a violation of any of
the above provisions will cause irreparable harm to the sender as well as lasting and continuing damages

[Quoted text hidden]

J.T. Palmer & Associates Mail - Re: Work

 **Gmail**

**Judy Shea <judy@jtpalmerassociates.com>**

## Re: Work

**Paul Pankiewicz** <ppankiewicz@earthlink.net>                     Thu, Jan 2, 2020 at 2:17 PM
To: Judy Shea <Judy@jtpalmerassociates.com>

Please proceed. Great work.

*Sent from my Verizon Wireless 4G LTE DROID*

[Quoted text hidden]

# Appendix
# Item 3

## AFFIDAVIT OF J. MICHAEL MCBRIDE

STATE OF TEXAS     §
           §
COUNTY OF TARRANT    §

Before me, the undersigned notary, on this day personally appeared J. Michael McBride, the affiant, a person whose identity is known to me. After I administered an oath to affiant, affiant testified as follow:

1. "My name is J. Michael McBride. I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. I currently reside in Fort Worth Texas.

3. I formed J. Michael McBride, P.C., a Texas Professional Corporation, and I am the sole member and 100% owner of J. Michael McBride, P.C. The office is located in Fort Worth, Texas, which is where business is conducted.

4. My firm was engaged by J.T. Palmer & Associates, LLC ("JT Palmer") and Judith Shea on June 29, 2020.

5. I contacted the counsel who issued the Subpoena, Melissa Jones of Waller Lansden Dortch & Davis, LLP. I had several conversations with Melissa Jones on June 30th, July 1st and July 2nd seeking an extension of time to reply to the Subpoena or to work out a settlement and to explain why there were much better and easier ways to get the same bank information. From my conversations with Ms. Melissa Jones I was led to believe that an extension would be forthcoming pending the approval of the "partner in charge."

6. I was left with the impression that an extension, while not yet allowed by the partner in charge, was imminent.

7. After several follow-up calls to Ms. Melissa Jones between June 30 and July 2, I was eventually contacted on the afternoon of July 3 by the "partner in charge," Mr. Ryan K. Cochran. For the first time, I learned that an extension would not be forthcoming and it was Plaintiffs' position that JT Palmer had already missed its compliance deadline and had to respond.

8. In my conversation with Mr. Cockran on July 3, he did not mention that on July 2, Plaintiffs had already filed a Motion to Compel in Tennessee, seeking an order from the Tennessee court compelling JT Palmer "to produce documents in accordance with subpoena."

9. Attached hereto as Exhibit A is a true and correct copy of "Plaintiffs' Motion to Compel JT Palmer and Associates, LLC to Produce Documents in Accordance with Subpoena," on file in the bankruptcy court in the Middle District of Tennessee.

---

**AFFIDAVIT OF J. MICHAEL MCBRIDE**          **Page 1 OF 2**

10.    I first heard of/received Plaintiffs' Motion to Compel JT Palmer and Associates, LLC to Produce Documents in Accordance with Subpoena on July 7, 2020 when it arrived via registered mail."

FURTHER AFFIANT SAYETH NOT.

By: _____
      J. Michael McBride

Sworn to and subscribed before me by J. Michael McBride on this _10th_ day of _July_ 2020.

MICHELLE WILSON
Notary Public, State of Texas
Comm. Expires 07-10-2023
Notary ID 5614114

_____
Notary Public in and for the State of Texas

---

**AFFIDAVIT OF J. MICHAEL MCBRIDE**                                      Page 2 OF 2

# Exhibit A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | |
|---|---|
| In re: | Chapter 11 |
| Robert Terry Winfree, | Case No. 3:20-01417 |
| | Judge Randal S. Mashburn |
| Debtor. | |
| | |
| TN Dental Professionals, P.C., and CPF Dental, LLC, d/b/a Marquee Dental Partners, | |
| Plaintiffs/ Counter-Defendants, | |
| vs. | Adv. Proc. No. 3:20-90031 |
| Robert T. Winfree, D.D.S. and Olivia Winfree, | |
| Defendants/ Counter-Plaintiffs. | |

**PLAINTIFFS' MOTION TO COMPEL JT PALMER AND ASSOCIATES, LLC
TO PRODUCE DOCUMENTS IN ACCORDANCE WITH SUBPOENA**

Plaintiff TN Dental Professionals, P.C., and CPF Dental, LLC, d/b/a Marquee Dental Partners (collectively, "*CPF Dental*") moves the Court for an Order to Compel JT Palmer and Associates, LLC ("*JT Palmer*"), to provide full and complete responses to CPF Dental's Subpoena to Produce Documents served on JT Palmer on June 11, 2020 (Dkt. No. 23) (the "*Subpoena*"), pursuant to Rule 45(c)(2) of the Federal Rules of Civil Procedure. As demonstrated below, JT Palmer has failed to produce any and all documents as required in accordance with the Subpoena.

**BACKGROUND**

Prior to Defendant Robert Terry Winfree filing for bankruptcy relief under Chapter 11 of Title 11 of the United States Bankruptcy Code, CPF Dental hired Hodges & Associates, LLC

4813-7618-1953

Case 3:20-ap-90031   Doc 31   Filed 07/02/20   Entered 07/02/20 20:40:55   Desc Main
Document    Page 1 of 5

("**Hodges**"), a firm specializing in asset and bank account searches, to (i) confirm that Defendants were providing a complete picture of their finances, and (ii) determine if Defendants possessed additional accounts that had not been disclosed despite repeated Court Orders to do so and representations from Defendants and their counsel that no such accounts existed.  Hodges thereafter discovered, through the help of JT Palmer, that Defendants possess at least six (6) undisclosed accounts at various foreign banks in Defendants' names with nearly $1.5 million contained within them.  (*See*, Affidavit of Dan Hodges, attached hereto as **Exhibit A**, attesting to Defendants' foreign bank accounts).

After repeated attempts to gain confirmation that the above-mentioned foreign bank accounts in fact relate to Defendants, CPF Dental served the Subpoena on JT Palmer on June 11, 2020, requesting, among other things, production of any and all documentation proving the identity of the account holders in which the alleged foreign bank accounts belong.  The pertinent requests to JT Palmer, found in paragraphs 1 through 4 of the Subpoena, state as follows:

> *1.      Any and all Documents evidencing or relating to JT Palmer's or Ms. Shea's search for foreign accounts owned by Debtor or Mrs. Winfree;*
>
> *2.      Any and all Documents evidencing or relating to the identity of Hermitage Investment Group used in identifying any Foreign Account;*
>
> *3.      Any and all Documents evidencing that the funds in any Foreign Account originated in the United States of America; and*
>
> *4.      Any and all Documents evidencing that any Foreign Account belongs to Debtor and/or Mrs. Winfree.*

JT Palmer's documentation evidencing the process used in order to reveal the existence of the foreign bank accounts will ultimately guide settlement negotiations among CPF Dental and Defendants, and thus is absolutely necessary in order for the parties to move forward.

2

## ARGUMENT

**JT Palmer Should be Compelled to Provide Documents Requested by the Subpoena**

Rule 34(c) of the Federal Rules of Civil Procedure provides that, in accordance with Rule 45, "a nonparty may be compelled to produce documents." Rule 45(d)(2)(B) provides that if "a person commanded to produce documents" wishes to object to the production, such "objection must be served before the earlier of time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). If a party fails to respond to such document request, a party "may move for an order compelling discovery." Fed. R. Civ. P. 37(a)(1); *See also* Fed. R. Civ. P. 37(a)(3)(B)(iv) (a motion to compel may be made if a party fails to produce documents as requested under Rule 34).

The Subpoena was properly served on JT Palmer on June 11, 2020 in accordance with Rule 45(d) of the Federal Rules of Civil Procedure. As stated in the subpoena, JT Palmer was required to produce any and all documents related to the requests set forth in the Subpoena no later than fourteen (14) days of service. As of the date of this Motion, JT Palmer has failed to produce any documentation as requested by the Subpoena, and further has failed to file any affidavit or other documentation with this Court attesting, under oath, that it has no documentation to produce.

CPF Dental also certifies that, as required by Rule 37(a)(1) of the Federal Rules of Civil Procedure, it has "in good faith conferred or attempted to confer with [JT Palmer] in an effort to obtain [the discovery] without court action." Numerous phone calls with JT Palmer's counsel were exchanged over the course of the past week, and although JT Palmer, through its counsel, requested CPF Dental to grant it an extension to object to the Subpoena, it was unable to confirm that any grant of an extension would result in JT Palmer producing the documentation requested by the Subpoena. JT Palmer's production pursuant to the Subpoena was due on June 25, 2020.

In order for this case to move forward, whether it is through settlement negotiations or

3

through a trial on the merits, confirmation of whether the alleged foreign bank accounts uncovered by JT Palmer in fact relate to the Defendants is critical.

## <u>CONCLUSION</u>

For the reasons addressed above, Plaintiffs respectfully request the Court grant this Motion to Compel, and enter the Order attached hereto as **Exhibit B**, ordering JT Palmer to fully produce all documents related to Plaintiffs' requests at set forth in the Subpoena.


Dated: July 2, 2020                    WALLER LANSDEN DORTCH & DAVIS, LLP

                                       /s/ *Ryan K. Cochran*
                                       Ryan K. Cochran (TN 025851)
                                       Melissa W. Jones ( TN 036559)
                                       511 Union Street, Suite 2700
                                       Nashville, TN 37219
                                       Telephone: (615) 244-6380
                                       Facsimile: (615) 244-6804
                                       ryan.cochran@wallerlaw.com
                                       melissa.jones@wallerlaw.com

                                       *Attorneys for CPF Dental, LLC d/b/a Marquee Dental*
                                       *Partners and TN Dental Professionals, P.C.*

4

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion was served via the Court's electronic filing system, this 2nd day of July, 2020, and via first class mail on the following business day, as follows:

JT Palmer and Associates, LLC
PO Box 1783
Granbury, TX 76048

-and-

J. Michael McBride
6420 Southwest Blvd., Suite 112
Fort Worth, TX 76109

*Attorney for JT Palmer and Associates, LLC*

/s/ *Ryan K. Cochran*
Ryan K. Cochran

4813-7618-1953

## EXHIBIT A

**Affidavit of Dan Hodges**

See attached.

4813-7618-1953
Case 3:20-ap-90031   Doc 31-1   Filed 07/02/20   Entered 07/02/20 20:40:55   Desc
Exhibit A - Hodges Affidavit   Page 1 of 3

App. 38

IN THE CHANCERY COURT FOR DAVIDSON COUNTY, TENNESSEE

| | | |
|---|---|---|
| TN DENTAL PROFESSIONALS, P.C. and CPF DENTAL, LLC d/b/a MARQUEE DENTAL PARTNERS, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 181384-I Chancellor Lyle Jury Demand |
| ROBERT T. WINFREE, D.D.S. and OLIVIA WINFREE, | ) ) ) ) | |
| Defendants. | ) ) | |

**FILED 2020 JAN 30 PM 2:26 CLERK & MASTER DAVIDSON CO. CHANCERY CT. D.C.&M.**

## AFFIDAVIT OF DAN HODGES

STATE OF TENNESSEE        )
                                                  )
COUNTY OF DAVIDSON   )

I, Dan Hodges, having been duly sworn, state as follows:

- I am over eighteen years of age, and I make this Affidavit based upon my own personal knowledge.

- I am a partner with Hodges and Associates, LLC, a private investigative company that conducts criminal and civil investigations to include asset searches and permissible bank account searches.

- I was retained to identify assets of Dr. Robert T. Winfree, D.D.S. and Olivia Winfree.

I was able to identify the following accounts that appear to be owned by Robert T. Winfree, DDS:

- **Rothschild & Co Bank (Zürich, Switzerland) - $397,500.00**

**EXHIBIT D**

- **Danske Bank Internations (Luexembourg) - $736,500.00**

- **Investec Asset Management (Port Elizabeth, South Africa) - $77,000.00**

I was able to identify the following accounts that appear to be owned by Olivia Winfree.

- **HSBC Bank (Shanghai, China) - $215,320.00**

- **Bradesco Financiamentos (St. Oeste, Goiânia Brazil) - $45,000.00**

- **Bank of Greenland (Nuuk, Greenland) - $16,000.00**


AFFIANT FURTHER SAYETH NOT.


Dated: January 29, 2020

Dan Hodges

Sworn to and subscribed before me, the undersigned notary public, on the 9th day of January, 2020.

STEVE JARRETT
State of Tennessee Notary Public
Williamson County
My Comm. Exp 12-12-2020

Notary Public

My Commission Expires: 12-12-2020

**EXHIBIT B**

**Proposed Order**

4813-7618-1953
Case 3:20-ap-90031   Doc 31-2   Filed 07/02/20   Entered 07/02/20 20:40:55   Desc
Exhibit B - Proposed Order   Page 1 of 3

App. 41

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Robert Terry Winfree, | ) | Case No. 3:20-01417 |
| | ) | Judge Randal S. Mashburn |
| Debtor. | ) | |
| | ) | |
| | ) | |
| TN Dental Professionals, P.C., and | ) | |
| CPF Dental, LLC, d/b/a Marquee Dental | ) | |
| Partners, | ) | |
| | ) | |
| Plaintiffs/ Counter-Defendants, | ) | |
| | ) | |
| vs. | ) | Adv. Proc. No. 3:20-90031 |
| | ) | |
| Robert T. Winfree, D.D.S. and Olivia | ) | |
| Winfree, | ) | |
| | ) | |
| Defendants/ Counter-Plaintiffs. | ) | |

ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL
JT PALMER AND ASSOCIATES, LLC TO PRODUCE
DOCUMENTS IN ACCORDANCE WITH SUBPOENA

After consideration of *Plaintiffs' Motion to Compel JT Palmer and Associates, LLC to Produce Documents in Accordance with the Subpoena*, the Court finds that Plaintiffs' Motion is well-taken and should be granted as follows:

1.     JT Palmer shall produce any and all documentation related to the requests set forth in Plaintiffs' Subpoena to JT Palmer to Produce Documents within ten (10) days of entry of this Order.

Therefore, it is **ORDERED, ADJUDGED and DECREED**, that the Plaintiffs' Motion is **GRANTED**, as described more fully above.

**This Order was Signed and Entered Electronically as Indicated at the Top of the First Page**

4813-7618-1953

APPROVED FOR ENTRY:


/s/ *Ryan K. Cochran*
Ryan K. Cochran (TN 025851)
Melissa W. Jones ( TN 036559)
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 244-6380
Facsimile: (615) 244-6804
ryan.cochran@wallerlaw.com
melissa.jones@wallerlaw.com

*Attorneys for CPF Dental, LLC d/b/a*
*Marquee Dental Partners and TN Dental Professionals, P.C.*