IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| In re: | Chapter 11 |
| Robert Terry Winfree, | Case No. 3:20-01417 |
| | Judge Randal S. Mashburn |
| Debtor. | |
| TN Dental Professionals, P.C., and CPF Dental, LLC, d/b/a Marquee Dental Partners, | |
| Plaintiffs/ Counter-Defendants, | |
| vs. | Adv. Proc. No. 3:20-90031 |
| Robert T. Winfree, D.D.S. and Olivia Winfree, | |
| Defendants/ Counter-Plaintiffs. | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re : | |
| | Civil Action No. 3:20-mc-00055-E-BN |
| Subpoena Served on J.T. Palmer & Associates, LLC | |

**TN DENTAL PROFESSIONALS, P.C., AND CPF DENTAL, LLC, D/B/A MARQUEE DENTAL PARTNERS' RESPONSE AND BRIEF IN OPPOSITION TO NON-PARTY J.T. PALMER & ASSOCIATES, LLC'S MOTION TO QUASH SUBPOENA**

4819-3499-9236

# **TABLE OF CONTENTS**

Page(s)

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................................... ii

INTRODUCTION .......................................................................................................................... 1

SUMMARY OF RESPONSE ........................................................................................................ 1

BACKGROUND ............................................................................................................................ 2

    A.  The Debtor's Bankruptcy and Service of the Subpoena. .............................................. 2

    B.  Necessity for the Documents Requested in the Subpoena. ........................................... 5

    C.  Procedural Background and Timing Issues Related to the Subpoena. ......................... 5

AUTHORITIES AND ARGUMENT ............................................................................................ 7

    A.  Legal Standard. .............................................................................................................. 7

    B.  JT Palmer has Failed to Establish Specific Trade Secrets. ........................................... 9

    C.  The Requests Set Forth in the Subpoena Do Not Seek Documents that Would Require the Disclosure of Trade Secrets. ............................................................................... 10

    D.  To the Extent the Court Determines that the Documents Requested in CPF Dental's Subpoena Would Reveal a Trade Secret of JT Palmer, the Court Should Nonetheless Require Production, but Under a Protective Order. ................................................... 12

CONCLUSION ............................................................................................................................ 13

CERTIFICATE OF SERVICE ................................................................................................... 14

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                         **Page(s)**

*Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc.*,
   235 F.R.D. 435,442 (N.D. Ill. 2006) ................................................................................ 9

*Carbo Ceramics, Inc. v. Keefe*,
   166 Fed. Appx. 714, 718n (5th Cir. 2006) ........................................................................ 8

*Cmedia, LLC v. LifeKey Healthcare, LLC*,
   216 F.R.D. 387, 389-391 (N.D. Tex. 2003) ............................................................ 8, 9, 10, 13

*Echostar Commc'ns Corp. v. The New Corp. Ltd.*,
   180 F.R.D. 391 (D. Colo. 1998) ........................................................................................ 8

*Exxon Chem. Patents, Inc. v. Lubrizol Corp.*,
   131 F.R.D. 668 (S.D. Tex. 1990) ................................................................................... 8, 9

*Fed. Open Market Comm. of the Fed. Reserve Sys.*,
   443 U.S. at 362 n.24 ....................................................................................................... 12

Fed. R. Civ. P. 45(d)(3)(B)(i) ............................................................................................... 8, 9

Fed. R. Civ. P. 45(d)(3)(C) .....................................................................................................12

Fed. R. Civ. P. 26(c)(1)(G) .....................................................................................................12

*Lawfinders Assocs., Inc. v. Legal Research Ctr., Inc.*,
   65 F. Supp. 2d 414 (N.D. Tex. 1998) ................................................................................ 9

N.D. Tex. Local Rule 7.1(d) .................................................................................................... 1

*Quotron Sys., Inc., v. Automatic Data Processing, Inc.*,
   141 F.R.D. 37 (S.D.N.Y. 1992) ........................................................................................ 12

*Stewart v. Mitchell Transport, No. 01-cv-2546*,
   2002 WL 1558210, at *8 (D. Kan. July 8, 2002) .............................................................. 8

*Williams v. City of Dallas*,
   178 F.R.D. 103 (N.D. Tex. 1998) ..................................................................................... 7

*Wiwa v. Royal Dutch Petroleum Co.*,
   392 F.3d 812 (5th Cir. 2004) ......................................................................................... 7, 8

## INTRODUCTION

Pursuant to Rule 45 (d) of the Federal Rules of Civil Procedure and Local Rule 7.1(d) of the Local Rules of the United States District Court for the Northern District of Texas, Plaintiffs in the pending adversary proceeding, TN Dental Professionals, P.C., and CPF Dental, LLC, d/b/a Marquee Dental Partners (collectively, "***CPF Dental***"), file this Response and Brief in Opposition to Non-Party J.T. Palmer & Associates, LLC's ("***JT Palmer***") Motion to Quash Subpoena.

## SUMMARY OF RESPONSE

CPF Dental engaged an investigator to search for assets owned by the Winfrees (as defined below). JT Palmer identified six undisclosed foreign bank accounts (the "***Foreign Accounts***") allegedly owned by the Winfrees with a total balance of $1,483,209, by name of the bank, name of the account holder, and account balance. The Winfrees deny ownership of the Foreign Accounts. CPF Dental subpoenaed JT Palmer for documents to assist CPF Dental in determining how JT Palmer identified that the Foreign Accounts are or were, in fact, owned by the Winfrees. JT Palmer has failed to produce any documents in response to the Subpoena, and asserts that (i) the time period to comply with the Subpoena was unreasonably short, and (ii) the requested documents consist of protected trade secrets. The Court should reject both arguments, and order JT Palmer to produce the requested documents. JT Palmer had 14 days to respond to the Subpoena. The Subpoena was served on June 11, 2020, and CPF Dental did not file its Motion to Compel until July 2, 2020 – 21 days after service. Further, JT Palmer has failed to demonstrate that the requested documents constitute or would reveal trade secrets. As set forth below, the Subpoena is proper and the JT Palmer's Motion to Quash is due to be denied.

**BACKGROUND**

A.  **The Debtor's Bankruptcy and Service of the Subpoena.**

CPF Dental instituted litigation against Robert Terry Winfree, D.D.S. ("***Dr. Winfree***" or "***Debtor***") and Olivia Winfree ("***Mrs. Winfree***" and together with Dr. Winfree, the "***Winfrees***") in the Chancery Court for Davidson County, Tennessee, Case No. 181384-III, on December 21, 2018 (the "***State Court Litigation***").[1] (*See* Appendix A to Response in Opposition to Motion to Quash, pp. 1-80). CPF Dental brought the State Court Litigation to, among other things, enforce non-solicitation and non-compete covenants set forth in an Asset Purchase Agreement, which the Debtor had breached. (*Id.*) On March 5, 2020, the Debtor filed for bankruptcy relief under Chapter 11 of Title 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Tennessee (the "***Bankruptcy Court***"), Case Number 3:20-ap-01417 (the "***Bankruptcy Proceeding***"). (*See* App. B, pp. 106-114). On March 11, 2020, the Debtor filed a *Notice of Removal of State Court Action* (Bankruptcy Proceeding, Dkt. No. 9) to remove the State Court Litigation to the Bankruptcy Court, Case Number 3:20-ap-90031 (the "***Adversary Proceeding***"). (*See* App. C, pp. 116-119).

Prior to the Debtor's bankruptcy filing, and in connection with the State Court Litigation, CPF Dental hired Hodges & Associates, LLC ("***Hodges***"), a Tennessee based investigatory firm that advertises itself as specializing in asset and bank account searches, to: (i) confirm that the Winfrees were providing complete financial disclosures, and (ii) determine if the Winfrees possessed additional bank accounts. Hodges in turn hired JT Palmer, a Texas based investigatory firm that advertises itself as specializing in asset and bank account searches by using a "range of techniques" to "locate all open bank accounts associated with Subject's **name** and **Social Security**

---

[1] CPF Dental filed an *Amended Complaint* on September 16, 2019, amending its original *Complaint* against the Winfrees. (*See* App. A, pp. 81-104).

2

4819-3499-9236

**Number**."[2]  Hodges thereafter reported to CPF Dental, through information provided to him by JT Palmer, the existence of the Foreign Accounts, which are as follows:

> Rothchild & Company Bank
> Zolikerstasse, Zurich, Switzerland
> #181 8034, Phone +41 44 384 71 11
> Rob Winfree private investment
> $388,000 Swiss Francs (approx. $403,520 US Dollars)
>
> Investec Port Elizabeth, Waterfront Business Park
> Port Elizabeth, South Africa
> Phone +27 11 291 3591
> Secured liquid account
> $1,400,000 Rand (approx. $77,000 US Dollars)
>
> Danske Bank International SA
> 13 R Edward Steichen 2540 Luxembourg
> Phone +352 46 12 75 1
> 360 Wealth Management Account
> R. Winfree
> 697,000 Euro (approx. $759,730 US Dollars)
>
> HSBC Bank
> 1391Guber Road, Shanghai, China
> Phone +86 21 3888 8688
> Premier private account
> 1,510,000 Renminbi (approx. $211,000 USD)
>
> Bradesco Financiamentos
> R 3 880 St. Oeste Goiania, Brazil
> Phone +55 62 3091 7379
> Wealth Management
> Olivia McMurray
> 165,000 Brazilian Real (approx. $29,700 USD)
>
> Bank of Greenland
> Phone +299 701 234
> Savings account
> Olivia Winfree
> 15,000 Krone (approx. $2,259 USD)

(*See* App. D, pp. 198-199).

---

[2] *See* https://jtpalmerassociates.com/bank-searches/.

The Winfrees have filed sworn statements denying that the Foreign Accounts belong to them. (See App. E, pp. 201-205). In fact, the Debtor has made the allegation that the Debtor's bankruptcy estate may have an actionable defamation claim against JT Palmer for originating false statements causing CPF Dental to file a motion for injunctive relief and alleging that the Debtor possessed multiple Foreign Accounts to hinder CPF Dental's collection efforts.[3] (*See* App. F, pp. 207-208). In order to assist CPF Dental in determining whether the Foreign Accounts are or were owned by the Winfrees, CPF Dental served the *Subpoena to Produce Documents* (the "**Subpoena**") on JT Palmer (Adversary Proceeding, Dkt. No. 23). (*See* App. G, pp. 211-217). The Subpoena requests, among other things, production of any and all documentation proving the identity of the account holders in which the alleged Foreign Accounts belong. (*Id*. at 214-217) The specific requests are as follows:

> 1. Any and all Documents evidencing or relating to JT Palmer's or Ms. Shea's search for foreign accounts owned by Debtor or Mrs. Winfree;
>
> 2. Any and all Documents evidencing or relating to the identity of Hermitage Investment Group used in identifying any Foreign Account;
>
> 3. Any and all Documents evidencing that the funds in any Foreign Account originated in the United States of America; and
>
> 4. Any and all Documents evidencing that any Foreign Account belongs to Debtor and/or Mrs. Winfree.

(*Id.* at 216-217). To date, JT Palmer has produced not one document to CPF Dental.

---

[3] The Debtor filed its *Response in Support of Motion to Compel* (Adversary Proceeding, Dkt. No. 33) hours after CPF Dental filed its *Motion to Compel JT Palmer and Associates, LLC to Produce Documents in Accordance with Subpoena* (Adversary Proceeding, Dkt. No. 31).

4819-3499-9236

**B.     Necessity for the Documents Requested in the Subpoena.**

The documents requested in the Subpoena are of great interest to CPF Dental (and the Debtor[4]), and are directly relevant to the Adversary Proceeding in which the Subpoena was issued which is where an action to except CPF Dental's claims from the bankruptcy discharge will be resolved, and the Debtor's bankruptcy proceeding. It is imperative to learn the processes used by JT Palmer in making its determination that the Winfrees are or were in fact the rightful owners of the alleged undisclosed Foreign Accounts. If JT Palmer's process was thorough and involved the use of critical data points to reach the conclusion that the Winfrees possessed the Foreign Accounts, then CPF Dental, and likely the United States Trustee in the Debtor's bankruptcy proceeding, will need to take further action to make sure the Foreign Accounts are disclosed to the Bankruptcy Court, and to attempt to make sure that any funds in the Foreign Accounts are not transferred or pilfered to the detriment of the Debtor's creditors, including CPF Dental. If JT's Palmer's process was something simple, such as merely a search of the Winfrees individual names[5], then CPF Dental needs to know that so that it can determine the level of credibility to place on JT Palmer's findings.

**C.     Procedural Background and Timing Issues Related to the Subpoena.**

The Subpoena was *issued* on June 2, 2020, and *served* on June 11, 2020. (*Id*. at 211-212). Although the Subpoena states the date for compliance is June 16, 2020, that date is tied to the date

---

[4] As stated above, and as stated in the Debtor's *Response in Support of [CPF Dental's] Motion to Compel* (Adversary Proceeding, Dkt. No. 33), the Debtor is interested in the identifying documents as well because it has repeatedly denied ownership of the Foreign Accounts uncovered by JT Palmer, and believes that its bankruptcy estate "may have an actionable claim against JT Palmer" because "[i]t appears that JT Palmer originated the false statements that caused [CPF Dental] to file a motion for injunctive relief and allege that the Debtor parked over a million dollars in multiple foreign bank accounts to hinder [CPF Dental's] collection efforts in the event of a judgment." (*See* App. F, pp. 207-208).

[5] To date, the only identifier that has been confirmed to have been used by JT Palmer in its search of the existence of any offshore bank account belonging to the Debtor and/or Mrs. Winfree, are variations of the Debtor's and Mrs. Winfree's respective names. (*See* App. D, pp. 198-199).

of *issuance*, not the date of *service*. Exhibit A to the Subpoena clearly states that production is to be made within 14 days, making JT Palmer's deadline to comply no later than June 25, 2020. (*Id*. at 214).

JT Palmer states as a ground for relief in its *Motion to Quash Subpoena* (the "**Motion to Quash**"), that the Subpoena should be quashed due to the unreasonable time for which it was required to comply. (*See* App. I, pp. 232-234, 236-237). However, CPF Dental does not contend that the date for compliance was June 16th, but rather that the date for compliance was June 25th – 14 days after the date upon which JT Palmer was served. In any event, JT Palmer was given a reasonable amount of time to either comply with the production requests in the Subpoena, or seek relief from this Court. Instead, JT Palmer simply ignored the Subpoena until it was pressed. In fact, JT Palmer was not contacted by counsel for CPF Dental until June 30, 2020 – 19 days after service of the Subpoena, and furthermore, did not file its Motion to Quash until July 10, 2020 – 29 days after service of the Subpoena.

The Motion to Quash alleges that the Motion to Compel was filed before JT Palmer's counsel spoke to CPF Dental's counsel. (*See* App. I., p. 233). This is factually incorrect. It was only after JT Palmer's counsel gave assurances to CPF Dental's counsel on July 2, 2020 that it would not produce documents responsive to the Subpoena *even if* an extension to respond to the Subpoena was granted, that CPF Dental filed the *Motion to Compel JT Palmer and Associates, LLC to Produce Documents in Accordance with Subpoena* (Adversary Proceeding, Dkt. No. 31), at 8:40 p.m. (prevailing Central time). (*See* App. H, pp. 219-229). The Motion to Compel was supported by the Debtor pursuant to its filing of a *Response in Support* just hours after the Motion to Compel was filed. (*See* App. F., pp. 207-209 (stating "[CPF Dental is] entitled to the requested

documents and counsel for [CPF Dental] has been diligent and patient in attempting to procure such documentation")).

On July 16, 2020, CPF Dental's counsel was served with the Motion to Quash, which, among other things, stated that CPF Dental's Motion to Compel was filed in the wrong jurisdiction. (*See* App. I, pp. 234-236). CPF Dental concedes that this Court is the court with proper jurisdiction over the Motion to Quash, and therefore filed its *Notice of Withdrawal of Motion to Compel JT Palmer and Associates, LLC to Produce Documents in Accordance with Subpoena* on July 20, 2020 (Adversary Proceeding, Dkt. No. 42) (See App. J, pp. 299-302).

JT Palmer asserts that producing the requested documents would allegedly reveal trade secrets and consequently, ruin JT Palmer's business. However, JT Palmer has failed to meet its burden in proving that JT Palmer's "process" constitutes a trade secret, and why CPF Dental is not entitled to the production of such documents from JT Palmer. To the extent the Court agrees with CPF Dental, CPF Dental is agreeable to a modification of the Subpoena by the Court to allow JT Palmer additional time to comply with the production of documents requested in the Subpoena. *See Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998) (stating modification of a subpoena is generally preferable to quashing it outright.). At the very least, CPF Dental prays that the Court demand JT Palmer comply with the document requests set forth in the Subpoena by producing such documents in accordance with a protective order.

## AUTHORITIES AND ARGUMENT

A.  **Legal Standard.**

JT Palmer, as the moving party, "has the burden of proof to demonstrate that compliance with the subpoena would be unreasonable and oppressive." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004) (citations and internal quotation marks omitted). A nonparty

7

4819-3499-9236

can move to quash a subpoena as unduly burdensome. The Fifth Circuit has made clear, however, that if a court finds a subpoena unduly burdensome, "[g]enerally, modification of a subpoena is preferable to quashing it outright." *Id*. A nonparty also may move to quash a subpoena that seeks "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B)(i). However, "[n]o absolute privilege for confidential information or trade secrets exists." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 390 (N.D. Tex. 2003) (citing *Exxon Chem. Patents, Inc. v. Lubrizol Corp.*, 131 F.R.D. 668, 671 (S.D. Tex. 1990)). The Court must instead balance the requesting party's need for the confidential information against the moving party's claim of injury from disclosure. *Cmedia*, 216 F.R.D. at 390 (citing *Echostar Commc'ns Corp. v. The New Corp. Ltd.*, 180 F.R.D. 391, 395 (D. Colo. 1998)).

Disclosing confidential information or trade secrets to a competitor is "presumptively more harmful than disclosure to a non-competitor." *Cmedia, LLC v. LifeKey Healthcare, LLC*, 216 F.R.D. 387, 391 (N.D. Tex. 2003). The Federal Rules of Civil Procedure do not define the term "confidential information", but courts have defined such phrase to mean "information, which, if disclosed would cause substantial economic harm to the competitive position of the entity from whom the information was obtained." *Stewart v. Mitchell Transport*, No. 01-cv-2546, 2002 WL 1558210, at *8 (D. Kan. July 8, 2002) (citation omitted). Courts have looked to six factors in determining whether information should be treated as a trade secret:

> (1) the extent to which the information is known outside the business; (2) the extent to which it is known by employees and others involved in the business; (3) the extent of measures taken to safeguard the secrecy of the information; (4) the value of the information to him and to his competitors; (5) the amount of effort or money expended in developing the information; and (6) the ease or difficulty with which the information could be properly acquired or duplicated by others.

*Carbo Ceramics, Inc. v. Keefe*, 166 Fed. Appx. 714, 718 n. 1 (5th Cir. 2006).

8

Rule 45(d)(3)(B)(i) of the Federal Rules of Civil Procedure permits a court to quash or modify a subpoena where compliance would require "disclosing a trade secret or other confidential research, development, or commercial information," however, a court may still order production of such documents when the party seeking discovery shows a substantial need for the material. *See, e.g., Cmedia*, 216 F.R.D. at 389-90. Although CPF Dental has established such a need for the information requested, the Court need not address that issue because JT Palmer has failed to meet its threshold burden. JT Palmer, as the moving party and the party resisting compliance with the Subpoena, bears the burden to establish that the information sought by the Subpoena constitutes a trade secret and that its disclosure would be harmful. *Id*. at 390-91 (citing *Exxon*, 131 F.R.D. at 671). JT Palmer has failed to meet this high standard.

**B.   JT Palmer has Failed to Establish Specific Trade Secrets.**

JT Palmer fails to address any of the six factors identified by the Fifth Circuit for determining whether or not particular information is a trade secret, nor does it establish why the specific information requested by CPF Dental in the Subpoena is in fact a trade secret. Instead, it resorts repeatedly to generic, conclusory allegations that CPF Dental seeks "the private patterns, methods, techniques, processes, procedures and programs", which cannot satisfy its burden. *See Lawfinders Assocs., Inc. v. Legal Research Ctr., Inc*., 65 F. Supp. 2d 414, 418 (N.D. Tex. 1998), aff'd, 193 F.3d 517 (5th Cir. 1999) (defining a trade secret); *see also Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc.*, 235 F.R.D. 435, 442 (N.D. Ill. 2006) (recognizing generalities regarding confidentiality of information did not satisfy required showing to warrant protection as trade secret or confidential material).

CPF Dental simply seeks documents showing the underlying identifiers, if any, that JT Palmer used in concluding that the Winfrees are or were the lawful owners of the Foreign

9

4819-3499-9236

Accounts. The documents sought by CPF Dental's Subpoena are not trade secrets and do not constitute confidential information; they are nothing more than the underlying identification documents in which JT Palmer used in order to assist it in uncovering the possibility of offshore bank accounts possessed by the Winfrees. JT Palmer advertises on its website that it utilizes "the Subject's name and Social Security Number" in order to uncover undisclosed bank accounts. This is exactly what CPF Dental is asking JT Palmer to confirm: that JT Palmer discovered the Foreign Accounts by associating the Subject's names – Dr. Winfree and Mrs. Winfree – to the subject's respective social security numbers. Having confirmation of this is critical in helping CPF Dental determine the degree of credibility JT Palmer's information regarding the ownership of the Foreign Accounts. The conclusion reached by JT Palmer has significant consequences, both for CPF Dental and for the Debtor. The identification documents and data points used in a search for foreign bank accounts is almost certainly something that is common knowledge inside of the private investigations trade, and JT Palmer has certainly not demonstrated why such information would be deemed a trade secret requiring the Subpoena to be quashed. JT Palmer has failed to meet its burden, and the Motion to Quash should be denied.

**C.    The Requests Set Forth in the Subpoena Do Not Seek Documents that Would Require the Disclosure of Trade Secrets.**

Even though (1) it is JT Palmer's burden to establish that (i) the information sought by the Subpoena constitutes a trade secret; and (ii) that its disclosure would be harmful (*see Cmedia*, 216 F.R.D. at 389-90); and (2) the Court could require disclosure of the documents even if they were in fact trade secrets (*Id*. at 390), none of the requests in the Subpoena actually call for the production of any of JT Palmer's trade secrets.

Request 1 of the Subpoena seeks the identification documents used by JT Palmer in concluding that the Winfrees are the owners of the Foreign Accounts. (*See* App. G, pp. 216-217).

Certain of these data points (*e.g.*, the use of the subjects' social security numbers) are advertised as part of JT Palmer's process on its website, and therefore sufficient safeguards have not been taken by JT Palmer to protect such information. Furthermore, the various additional identifiers used by JT Palmer are almost certainly common knowledge within the private investigations trade, and JT Palmer has failed to explain or provide evidence why such information would constitute a trade secret, which is its burden to bear. Moreover, JT Palmer has admitted that the Winfrees' addresses provided to it by Hodges do *not* match up to the addresses listed on the Foreign Accounts. (*See* App. I, p. 274). If JT Palmer is willing to divulge the foregoing information, there is no reason why JT Palmer can now argue that the other identifying data points it used to uncover the Foreign Accounts constitutes trade secrets. Accordingly, request 1 does not call for the disclosure of any trade secret and should not be quashed.

In request 2 of the Subpoena, CPF Dental seeks documents which evidence and or relate to Hermitage Investment Group, a company that was formed by Dr. Winfree, among others, in the 1990s. (*See* App. G, pp. 216-217; *see also* App. K, p. 304). According to a report prepared by Hodges, the original purpose of creating Hermitage Investment Group was to make foreign investments. In the event JT Palmer uncovered any documents through its investigation that establish a relationship between Hermitage Investment Group and the Foreign Accounts, CPF Dental is entitled to know. Such information would have been revealed in JT Palmer's search process, and the request is not seeking any documentation that originated with or was created by JT Palmer. Accordingly, request 2 does not call for the disclosure of any trade secrets and should not be quashed.

Request 3 of the Subpoena seeks documentary evidence that the funds in any of the Foreign Accounts originated in the United States in America. (*See* App. G, pp. 216-217). This request

11

does not even arguably call for production of a trade secret. Instead, the request seeks documents and information that would have been found in the searches performed by JT Palmer; it is not calling for information that originated with or was created by JT Palmer. Accordingly, request 3 does not call for the disclosure of any trade secrets and should not be quashed.

Request 4 of the Subpoena seeks documents evidencing that the Foreign Accounts belong to the Winfrees. (*Id*. at 216-217). Any documents responsive to request 4 would similarly call for documents found during JT Palmer's search process. Request 4 does not seek any information that originated with or was created by JT Palmer. Accordingly, request 4 does not call for the disclosure of any trade secrets and should not be quashed.

D. **To the Extent the Court Determines that the Documents Requested in CPF Dental's Subpoena Would Reveal a Trade Secret of JT Palmer, the Court Should Nonetheless Require Production, but Under a Protective Order.**

Courts regularly order the production of trade secrets or confidential commercial information under specified conditions. *See* Fed. R. Civ. P. 45(d)(3)(C) and 26(c)(1)(G); *Fed. Open Market Comm. of the Fed. Reserve Sys.*, 443 U.S. at 362 n.24 ("More commonly, the trial court will enter a protective order restricting disclosure to counsel, or to the parties."); *see also Quotron Sys., Inc., v. Automatic Data Processing, Inc.*, 141 F.R.D. 37, 40 (S.D.N.Y. 1992) (protective orders are commonly entered in litigation involving confidential commercial information).

CPF Dental is seeking the information and documentation requested in the Subpoena strictly for the purposes of its dispute with the Winfrees. It is not trying to gain a competitive advantage over JT Palmer. CPF Dental is not a competitor of JT Palmer and has no business interest in learning the "methods, techniques, processes [or] procedures" used by JT Palmer in determining that the Winfrees possess the Foreign Accounts; it simply wants documents that will

12

assist it in proving whether or not the Winfrees are indeed the actual owners of the Foreign Accounts. *See Cmedia*, 216 F.R.D. at 391 (disclosing confidential information or trade secrets to a competitor is "presumptively more harmful than disclosure to a non-competitor"). Accordingly, at the very least, this Court should order JT Palmer to produce the documents responsive to the Subpoena and enter a protective order restricting disclosure of trade secrets to counsel and the parties.

## CONCLUSION

For the reasons addressed above, CPF Dental respectfully requests that the Court deny JT Palmer's Motion to Quash, and order JT Palmer to fully produce all documents responsive to CPF Dental's requests at set forth in the Subpoena.

Dated: July 27, 2020                             WALLER LANSDEN DORTCH & DAVIS, LLP

/s/ *Evan Atkinson*
Evan Atkinson (TX 24091844)
William R. "Trip" Nix (TX 24092902)
(*Admitted pro hac vice*)
100 Congress Ave., Suite 1800
Austin, TX 78701
Telephone: (512) 685-6400
evan.adkinson@wallerlaw.com
trip.nix@wallerlaw.com

*Attorneys for CPF Dental, LLC d/b/a Marquee Dental Partners and TN Dental Professionals, P.C.*

# **CERTIFICATE OF SERVICE**

       I hereby certify that a true and correct copy of the foregoing Motion was served via electronic mail and the Court's electronic filing system, this 27th day of July, 2020, to the following:

J. MICHAEL MCBRIDE, P.C.
John Michael McBride
6420 Southwest Blvd., Suite 112
Fort Worth, Texas 76109
(817) 877-1824 (office)
(817) 877-1797 (fax)
jmm@mcbridelegal.com
enotices@mcbridelegal.coml

-and-

THE FILLMORE LAW FIRM, LLC
Charles E. Fillmore
H. Dustin Fillmore, III
1200 Summit Avenue, Suite 860
Fort Worth, Texas 76102
(817) 332-2351 (office)
(817) 870-1859 (fax)
dusty@fillmorefirm.com
chad@fillmorefirm.com
sprovost@fillmorefirm.com
marvin@fillmorefirm.com

*Attorneys for JT Palmer and Associates, LLC*

-and-

Griffin S. Dunham
DUNHAM HILDEBRAND, PLLC
2416 21st Avenue South, Suite 303
Nashville, Tennessee 37212
615.933.5850
griffin@dhnashville.com

*Attorney for Robert T. Winfree, D.D.S. and Olivia Winfree*

                                                      /s/ *Evan Atkinson*

4819-3499-9236